IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Nora K. Mullen, | : | |
| Plaintiff | : | Civil Action 2:11-cv-01159 |
| v. | : | |
| John S. Compton, Esq. & Lois Compton, | : | Magistrate Judge Abel |
| | : | |
| Defendants | | |

**ORDER**

Plaintiff Nora K. Mullen brings this action against defendants John S. Compton, Esq. a nd Lois Compton alleging violations of the Fair Debt Collections Practices Act ("FDCPA") and the Ohio Consumer Sales Practices Act ("OCSPA").

This matter is before the Court on plaintiff's November 1, 2012 motion for partial summary judgment as to liability (doc. 12).

**I.    Allegations in the Complaint**

In 2007, plaintiff entered into a contract with Thompson Building Associates, Inc. to have work completed on her principal residence. On July 6, 2007, Thompson Building Associates, Inc. submitted an invoice for the total amount due of $2,757.01. On October 15, 2007, Ms. Celeste K. Roper, an employee of Thompson Building Associates, Inc. corresponded with plaintiff via email and indicated a balance due of $2,757.01. Plaintiff received a December 12, 2007 letter reiterating that claim.

On July 17, 2009, Thompson Building provided documents directly to plaintiff's counsel, which included the July 6, 2007 invoice. On July 23, 2010, Reliant Capital Solutions, LLC, an agent of Thompson Building Associates, Inc., provided documents directly to plaintiff's counsel.

On January 12, 2011, John S. Compton sent plaintiff a letter. The complaint alleges that Mr. Compton knew or should have know that plaintiff was represented by counsel. The January 12, 2011 letter identified Thompson Building Associates, Inc. as the creditor asserting an amount due of $5,760.82 and informed plaintiff that Compton had been authorized to file suit against her in that amount. The letter stated that it was the final notice she would receive prior to legal action being brought.

Plaintiff's counsel replied to Mr. Compton's letter and demanded validation of the asserted debt. In a January 25, 2011 letter, Ms. Compton asserted a total balance due of $5,779.02, which consisted of a principal balance of $2,839.73, $1,519.42 in interest, and $1,419.87 in collection costs. On April 20, 2011, Ms. Compton sent a second letter to plaintiff's counsel requesting a prompt response because their client requested that they proceed with legal action.

The complaint alleges that defendants violated the Fair Debt Collection Practices Act by communicating with plaintiff directly when she was represented by counsel, falsely representing the amount of the asserted debt, and threatening legal action that was not actually intended.

## II. Arguments of the Parties

### A. Plaintiff Nora K. Mullen

Plaintiff argues that defendants qualify as debt collectors under the FDCPA. Mr. Compton's January 12, 2011 letter to Mullen expressly stated that they were attempting to collect a debt. Mr. Compton holds himself out as an attorney practicing in the are of debt collection, and he was referred this case by Reliant Capital Solutions ("Reliant"), a collection agency.

Plaintiff also argues that Lois Compton is a debt collector and that she cannot escape liability by characterizing her role as merely clerical. Ms. Compton signed letters in her own name and used the title of "Legal Mgr." Plaintiff maintains that she communicated extensively with Reliant. Plaintiff maintains that Ms Compton executive and strategic authority even though she is not an attorney.

Plaintiff maintains that although defendants deny knowing that Mullen was represented by counsel, they would have known this had they exercised reasonable diligence given the correspondence between Thompson Building Associates, Inc. and Mullen's counsel. Plaintiff argues that the given the purpose of consumer protection laws, knowledge on the part of the creditor should be imputed to the debt collector. Plaintiff suggests that the evidence shows that defendants purposely failed to inquire as to whether plaintiff was represented by counsel prior to sending his January 12, 2011 letter.

Plaintiff argues that the evidence shows that Mr. Compton never actually intended to pursue legal action despite his threat the such action was imminent. Plaintiff relies on the fact that no suit was filed and that Ms. Compton sent two additional letters. Plaintiff further argues that Mr. Compton's letter misrepresented the amount due, which also violates the FDCPA. The last invoice sent by Thompson Building Associates, Inc. indicated that the amount due was $2,757.01. Thomas Building Associates, Inc. had not included interest in communications to her concerning the amount due. Additionally, Mr. Compton included collection costs as part of the demand, but Ohio law prohibits the recovery of attorney's fees in the collection of consumer debts. Plaintiff maintains that assertion of attorney's fees was false and deceptive. Mr. Compton's letter implicitly claimed amounts that necessarily depended on an adjudication that had not yet occurred.

Plaintiff argues that communications to a consumer's attorney can violate the FDCPA even though it was sent to the attorney rather than directly to plaintiff.

Plaintiff argues that protections and liabilities under the OCSPA extend to debt collection, and a violation of the FDCPA also violates the OCSPA.

### B. Defendants John S. Compton and Lois Compton

Defendants contend that plaintiff's positions in her motion for summary judgment are not supported by case law. Although plaintiff maintains that defendants should not be required to have had actual knowledge that plaintiff was represented by counsel, courts have ruled that such knowledge is not imputed to debt collectors.

Defendants argue that plaintiff has no basis for her assertion that defendants did not intend to immediately file suit. Defendants maintain that the evidence demonstrates that Reliant forwarded the file to defendants for the purpose of filing suit. In addition to the file, Reliant also forwarded to defendant the court costs necessary for filing suit. Defendants further maintains that the total amount stated to be due from plaintiff to Thompson Builders Associates, Inc. was provided to defendants from Reliant. The amounts were calculated by Thompson Building Associates, Inc. and do not represent the attorney fees. Defendants maintain that this account was accepted for collection on a contingency basis and that the record does show any reference to attorney fees.

Defendants rely on an April 22, 2011 email from Reliant to defendants stating that it considered plaintiff's representation by counsel to be with respect to a separate issue. Reliant also instructed defendants to postpone any further action on the matter. Defendants maintain that this email explains why they did not file suit against plaintiff.

Defendants further maintain that Lois Compton's role is clerical in nature. Ms. Compton has no independent authority to perform any act other than those specified by John Compton, an attorney. There is simply no evidence to support plaintiff's claim that Ms. Compton referred to her own "executive, strategic authority." Rather, Ms. Compton simply acknowledged Reliant's instruction to "hold off" on filing suit against plaintiff.

### III. Summary Judgment

Summary judgment shall be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a

5

matter of law." Fed. R. Civ. P. 56(a). A party asserting the absence or presence of a genuine dispute must support that assertion by either "(A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials"; or "(B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1).

A party may object that the cited material "cannot be presented in a form that would be admissible in evidence," and "[t]he burden is on the proponent to show that the material is admissible as presented or to explain the admissible form that is anticipated." Fed. R. Civ. P. 56(c)(2); Fed. R. Civ. P. 56 advisory committee's note. If a party uses an affidavit or declaration to support or oppose a motion, such affidavit or declaration "must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." Fed. R. Civ. P. 56(c)(4).

While the court must consider the cited materials, it may also consider other materials in the record. Fed. R. Civ. P. 56(c)(3). However, "[i]n considering a motion for summary judgment, the district court must construe the evidence and draw all reasonable inferences in favor of the nonmoving party." *Revis v. Meldrum*, 489 F.3d 273, 279 (6th Cir. 2007) (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574,

587 (1986)). "The central issue is 'whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" *Id.*, 489 F.3d at 279–80 (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251–52 (1986)).

IV. **Discussion**

Section 1692c of Title 15 of the United States Code states:

> Without the prior consent of the consumer given directly to the debt collector or the express permission of a court of competent jurisdiction, a debt collector may not communicate with a consumer in connection with the collection of any debt–
> . . .
> (2) if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address, unless the attorney fails to respond within a reasonable period of time to a communication from the debt collector or unless the attorney consents to direct communication with the consumer. . . .

15 U.S.C. § 1692c(a)(2). Plaintiff maintains that it is not necessary to show that the debt collector possessed "actual knowledge" that she was represented by an attorney. In general, however, courts have required "actual knowledge" and have held that a creditor's knowledge that a consumer is represented by counsel is not automatically imputed to the debt collector. *Micare v. Foster & Garbus*, 132 F. Supp. 2d 77, 80 (N.D. N.Y. 2001). Despite this general principle, courts have recognized that strict adherence to the requirement of actual knowledge could permit creditors and debt collectors to maintain practices that intentionally circumvent the purpose of the FDCPA:

> For example, a debt collector wishing to defeat the purposes of the act could establish a practice of not seeking out information regarding the debtor's representation by counsel. Whenever a creditor discovered that a debtor was represented by counsel, it could transfer the file to a debt collector with such a practice and allow them to contact the debtors directly without fear of liability under the FDCPA. Therefore, under those circumstances, knowledge will be imputed to the debt collector. However, where the debt collector has a procedure in place by which it asks creditors whether the debtor is represented by counsel and the creditor withholds the information, either mistakenly or intentionally, the court cannot fairly impute the creditor's knowledge to the innocent debt collector.
>
> Although the FTC Commentary states that knowledge will not "automatically" be imputed to the debt collector, it does not state that such knowledge cannot be imputed. Thus, imputing knowledge to the debt collector when it does not inquire whether the debtor is represented by counsel gives full meaning both to the FTC Commentary and to the protections afforded by the FDCPA.

*Id.* at 80-81. The Eighth Circuit declined to follow the *Micare* Court based on established agency law, which permits knowledge of the agent to be imputed to the principal but not the reverse. *Schmitt v. FMA Alliance*, 398 F.3d 995, 997 (8th Cir. 2005). The Eighth Circuit concluded that there was no textual basis in the statute to suggest an exception to the rule. In *Randolph v. IMBS, Inc.*, 368 F.3d 726 (7th Cir. 2004), the Seventh Circuit held that the statute required actual knowledge on the part of the debt collector:

> A distinction between creditors and debt collectors is fundamental to the FDCPA, which does not regulate creditors' activities at all. Courts do not impute to debt collectors other information that may be in creditors' files-for example, that debt has been paid or was bogus to start with. This is why debt collectors send out notices informing debtors of their entitlement to require verification and to contest claims. 15 U.S.C. § 1692g. Verification would be unnecessary if debt collectors were charged with the creditors' knowledge. The due-care defense of § 1692k(c) also would be pointless if creditors' knowledge were imputed to debt collectors. Why

8

> inquire whether the debt collector took appropriate precautions to learn something it is bound to know from the outset? [Plaintiff] does not cite, and we have not found, any appellate opinion imputing creditors' knowledge to debt collectors. Knowledge may be imputed to agents, but debt collectors are independent contractors; an agent or employee of the creditor is not covered by the Act in the first place. See 15 U.S.C. § 1692a(6)(a). So the information in Dr. Kannankeril's files about Alexander's bankruptcy (and the fact that she had counsel) is not "knowledge" from the perspective of Unlimited Progress unless it was furnished to that debt collector, and as Alexander does not contend that this occurred there can be no liability under § 1692c(a)(2).

*Id.* at 729 -730. Here, the evidence is not uncontroverted that defendants were wilfully blind to plaintiffs being represented by counsel, and there is no evidence that they knew that she was so represented. Given that the statute provides that there is a violation only when "the debt collector knows the consumer is represented by counsel," I find the reasoning of the Seventh and Eighth Circuits to be persuasive and conclude that plaintiff is required to show actual knowledge on the part of defendants. Here, defendant Mr. Compton has submitted an affidavit stating that he attested to the truth and accuracy of each and every statement made in his memorandum in opposition as if he were testifying under oath in a court of law. In their memorandum in opposition, defendants assert that they were never advised that plaintiff was represented by counsel until notified by counsel for plaintiff in his January 12, 2011 letter. Plaintiff does not assert nor does she present evidence showing that defendants had actual knowledge of the fact that plaintiff was represented by counsel. Because plaintiff has not come forth with any evidence showing an issue of material fact as to whether

defendants had the necessary actual knowledge of representation by counsel, plaintiff's motion for summary judgment on counts one and seven is DENIED.

Section 1692e of title 15 of the United States Code states:

A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
. . .
(5) The threat to take any action that cannot legally be taken or that is not intended to be taken. . . .

15 U.S.C.A. § 1692e (5). Plaintiff maintains that defendants threatened imminent legal action that they did not intend to take. Mr. Compton's January 12, 2011 letter stated, "[t]his is the final notice you will receive prior to legal action being taken against you by this office." Doc. 2-1 at PageID 17. Defendants rely on an April 22, 2011 email from Reliant instructing defendants to "hold off" on any further legal action. Plaintiff's counsel responded to Mr. Compton's letter on January 24, 2011, which requested validation of the asserted debt. Doc. 2-1 at PageID 20-21. Ms. Compton responded to Mr. Donovan's letter on January 25, 2011. Doc 2-1 at PageID 22. On April 20, 2011, Ms. Compton wrote a second letter to plaintiff's counsel indicating that she had had no response to her earlier letter. Doc. 2-1 at PageID 23. In April 2011, defendants were instructed by Reliant not to take further legal action. This time line of events does not demonstrate that defendants were threatening legal action that they did not intend to take. Plaintiff's counsel requested information from defendants, but he never responded

10

to the response to his request. Defendants contacted plaintiff's counsel again after a few months had passed. Although defendants did not file a lawsuit immediately, the evidence before the Court does not support a finding that there is no issue of material fact as to the intent of Mr. Compton when he first sent his letter to plaintiff. As a result, plaintiff's motion for summary judgment with respect to counts three and nine is DENIED.

Plaintiff also asserts claims based on violations of 15 U.S.C. § 1692e(2)(A), which prohibits the false representation of "the character, amount, or legal status of any debt." Defendants' January 12 and January 25 letters asserted that plaintiff owed $5,779.02 which consisted of a principal balance of $2,839.73, interest in the amount of $1,519.42, and collection costs of $1,419.87. Plaintiff maintains that defendants explicitly misrepresented the amount of the asserted debt. Plaintiff maintains that Thompson Building Associates, Inc. had forgone interest in its previous communications to Mullen, and defendants are not permitted to change the balance due by inserting interest after the fact. Ms. Compton's January 25 letter included a statement of collection costs in the amount of $1,419.87 as part of the total demand. Plaintiff maintains that Ohio law prohibits the recovery of attorney's fees in the collection of consumer debts, and as a result, defendants misrepresented the amount of the debt in violation of § 1692(e)(2)(A). In response, defendants maintain that these were the amounts provided to them from Thomas Building Associates, Inc. through Reliant. Defendants maintain that the

11

collection costs do not represent attorney fees because this accounts was accepted on a contingency basis.

Here, there is a question of material fact with respect to whether defendants intended to misrepresent the amount of the debt:

> A debt collector may not be held liable in any action brought under this subchapter if the debt collector shows by a preponderance of evidence that the violation was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error.

15 U.S.C.A. § 1692k(c). Defendants maintain that they communicated to plaintiff the amounts that Thompson Building Associates, Inc. conveyed to them through Reliant. As a result, plaintiff's motion for summary judgment with respect to counts two, four, five, eight, ten and eleven are DENIED.

### V.     Conclusion

For the reasons stated above, plaintiff's November 1, 2012 motion for partial summary judgment as to liability (doc. 12) is DENIED.

s/Mark R. Abel
United States Magistrate Judge
